Case numbers 22-1265 and 22-1272. Thomas Fox v. Saginaw County, Michigan et al. All arguments not to exceed 20 minutes for plaintiff, 20 minutes to be sheared by defendants. Mr. Matthew T. Nelson arguing first for the appellants. Good morning am I am I right that you're taking seven minutes and Mr. Curlew's taking seven? Your honor actually no our intention is to split the 20 minutes where I will take 10 minutes my colleague Mr. Curlew will take seven minutes and then we will reserve three minutes for rebuttal if the court so allows. That's fine. And while we're on housekeeping it is also our intention that I will we've agreed between the two of us that I will primarily be addressing Rule 23 issues except to the extent that the court asks questions. I can't promise you that we will honor that bargain. We will honor the first one so go ahead. May it please the court, Matthew Nelson on behalf of Alcona County and all the defendants. The District Court's jurisdictional analysis here is wrong because it adopts a special rule for standing analysis in class actions. The Supreme Court has consistently said that the fact that a case is brought as a class action adds nothing to the analysis of standing. Here if this wasn't brought as a class action I think the resolution would be very simple. We would come in we would say Mr. Fox has not been harmed by any of the non-Gratiot County defendants all of them need to be dismissed and I think every court every federal court would say yes absolutely there's no standing and that would be the end of the matter. That's precisely what should have happened here because the fact that it was brought as a putative class action changes nothing about the standing analysis. Because the District Court didn't do this and instead certified the class the court here should reverse the decision of the of the District Court with regard to class certification which should also order that all of the defendants all the non-Gratiot County defendants be dismissed for lack of jurisdiction. So if you brought this case in the Seventh Circuit the Seventh Circuit I think at least according to the Payton case would first look to the class and do this class certification first and assuming there's standing for some member of the class vis-a-vis one of the defendants would then say well but we'll also bless and then would you standing first then turn to the standing of the plaintiff or do classification first then turn to the standing of the plaintiff and of course the plaintiff does have standing with least respect to one defendant. Is that how you understand the Seventh Circuit's arrangement and is that one we should follow? So that is how I understand Payton but I do not believe I believe that Payton is inconsistent with the Supreme Court precedent going back to Worth versus Selden that says you can't have a different analysis for standing when you when you deal with class actions. I will also would contend that Payton is wrongly decided and the describes it but the crucial error that was made in Payton by the Seventh Circuit was determining that the the way that the Supreme Court treated the issues of class certification and standing in Ortiz and Amchem was a directive that Rule 23 always must be addressed before standing. In fact the standing issues in those cases only arose because of the class certification. So the standing issues there were with regard to non-named plaintiffs. So the only way you get to the standing issues with regard to the non-named plaintiffs is if there's class certification. Do you think we'd have to create a circuit split here with Payton if we agree with you or do you think a circuit split already exists because Payton conflicts with the Second Circuit case? I believe that a circuit split already exists with regard to not just the Second Circuit decision but also with regard to the Eighth Circuit's decision, I believe it's in Wong, both of them rejecting the application of the juridical link doctrine. I think it's also fair to say that there's at least a inconsistency with the Ninth Circuit. The Seventh Circuit right now, that Payton case, is the only court of appeals decision that even comes close to adopting the juridical link doctrine and as my brother counsel's brief points out, even there it effectively was not applied, it had to be remanded. Can I talk just about, so I frankly find that it's an open question here, we can go either way, there's no precedent binding us and so I just would look to first principles and the way I think about case or controversy questions is the Supreme Court has told us in a variety of you have to have some type of historically rooted practice. I would analogize to like quitom actions, these are whistleblower suits, the relator can sue because there's a well-established practice of one party being able to represent another going back to common law England and so the parties didn't really brief the history here but that seems to me to be the key inquiry. What's your understanding of whether this would have been allowed just as a matter of as a historical matter? I know the doctrine kind of dates to the Ninth Circuit, this 1970 case of that statement but from my perspective what I have to do is look at what is the meaning of case or controversy. How do I know what a case or controversy is? I'd look to history. I know class actions have been around for a long time, the Bill of Equities, why wouldn't we say you know class actions have been around a long time therefore this should be with regard to the historical and then with regard to more recent US Supreme Court precedent. So with regard to the historical analysis I'm not aware of this practice being rooted in a common law. There's a very fundamental distinction between the juridical link doctrine and a quitom case. In a quitom case you have the sovereign effectively by statute assigning its rights to bring a claim to individuals and by doing so there is an assignment that's not present here. Here it's a putative class member saying I'm going to take it upon myself to represent people who have not brought suits against defendants who didn't harm me. So there's a very fundamental distinction between the two and the common law. Class actions are rooted in the common law. I suppose I think the history is in my view as from the limited research I've done is somewhat unclear about whether the defendant had to be the same across all plaintiffs but class actions, Bills of Equity have been around. That's the kind of where Rule 23 grew out of. And I wouldn't contest the point that class actions don't have some basis in the common law but the question of whether or not a class representative, a putative class representative, can sue individuals who haven't conducted or who haven't injured the putative class member. That practice I'm not aware of any roots in the common law but furthermore I believe it's foreclosed by more recent Supreme Court precedent. So there's nothing in Lujan that suggests that there is this distinction and then furthermore you have this strong history of U.S. Supreme Court cases going back to Seldin but as recently as Spokio that say there's not a difference in terms of the standing analysis with regard to class actions than there is with regard to any other action. So if bringing it as a putative class doesn't change the analysis and if the court has to assure jurisdiction at the front end, and it does, then when this claim was filed there was no jurisdiction over my client, there was no jurisdiction over any of the non-Gratiot County defendants and consequently the only thing, according to the Supreme Court and Steel Company, that the district court could do at that point and remains to this day the only thing that can be done is to dismiss my client and the other non-Gratiot County defendants from the case. Is there an easy fix though? Do you dispute that if we either had 27 plaintiffs from the 27 counties that that would cure the defect because then you'd have a plaintiff for each defendant in each of the 27 counties? I agree that if there was a plaintiff who had standing to sue each county in this case that that would remedy the absence of an injury as to each defendant. At this point there are not and because there are not in this case has proceeded without jurisdiction, all of the decisions of the the district court with regard to the non-Gratiot County defendants are void. That's the effect of not having subject matter jurisdiction in proceedings. But if we agree with the gist of your argument and remand, there's still a live case with respect to one county and would you agree then that the plaintiff would have the opportunity to do what Judge Murphy suggested and amend the complaint to add plaintiffs for all the other counties? So they would be free to bring that motion and Gratiot County would then be free to defend against the motion and if the motion was granted it would effectively then bring in all of the defendants who were never properly in the case in the first place. But all of the rulings that have happened today would not be effective asked to those who have jurisdiction. Mr. Melton, this is Judge Kesslich. I guess I'm just curious. I don't have the docket in front of me. Did the non-Gratiot County move to dismiss on standing ground? Yes, your honor. All of the non-Gratiot County defendants moved made 12b3 motions to dismiss and I'm questioning whether I've got the right number but we I knew what I said. I had it wrong. I've never heard of a 12b3 but I guess it is. There is a 12b3. What it is it's not subject matter jurisdiction. With regard yes your honor all of us moved and in fact with regard to every county except Alcona County's you'll see them listed in the district court's order. With regard to Alcona County's motion it was filed after the status conference that the court referred to and I don't remember if it happened before or after class certification but everyone moved to dismiss. Okay and you know if one looks at the Supreme Court's justiciability case law with regard to class actions they're mostly mootness cases. They might all be mootness cases and in those cases it justiciability is determined by reference to the claims of the entire class. Would you disagree with that at all? I'm hesitating. You can't see me hesitating. I'm sorry your honor. I'm racking my brain. I mean I know you I know you're arguing that you know there was no lawful certification here. It's not a trick question. I just like to sort of contest it and what isn't and I mean is that a fair characterization do you think of the Supreme Court's class action justiciability case law? I'm inclined to agree. I mean as I'm thinking through obviously most recently TransUnion and then going backwards that does seem to be they do seem to be addressing the justiciability of at least individual members inside the well excuse me no I would say TransUnion you're seeing this question of is there an injury as to each class member as to whether or not they should be part of it so now. Right yeah okay well I don't want to get bogged down too much on that but I guess your argument here is that even if even if we would look at sort of you know the claims all the claims of the named and unnamed class members for purposes of justiciability even if we were to do that after certification your argument is that hey before certification the court simply lacks power to adjudicate anything substantively or procedurally as to these non-Gratiot counties. That's basically your argument? Yes your honor. Okay thank you. Thank you Mr. Nelson. Mr. Curlew. Nice to see you again. Thank you. You either argue a lot of cases here or you have the bad luck of having them all in front of me. I don't consider that bad luck at all. Welcome back. Thank you. Douglas Curlew appearing arguing today again behalf of all the defendants with regard to the more the class certification issue. I do happen to represent Gratiot County County and I want to say that my argument as I think I made clear in the briefs with regard to the invalidity of class certification if we even get past the jurisdictional issue it would apply to Gratiot as well because I don't think you have the satisfaction of the rule 23 criteria at least on the record as it currently exists because there was no discovery as was pointed out in the Gratiot as well. We just don't know hardly anything about the facts behind this case. Mr. Curlew can I ask you a question on discovery since you mentioned it? Certainly. Did you or any of the other counties ask for class related discovery? The issue we brought in our motions to dismiss was jurisdiction. Before that was ruled on the cases waiting to stay. Then suddenly while the stay is in effect while we are worried about jurisdiction while we still have motions to dismiss on frankly multiple grounds were argued beyond just jurisdiction then suddenly this motion to lift the stay and certify the class shows up. I mean we responded to it as best we could but there was we just responded to on the record that was there and that's our docket from me but so you file a motion to dismiss you before you get an answer on that you know it's because the stay's been in place there's a motion there's an actual motion to certify. Correct. And then you respond you filed opposition to that motion two counties didn't but everyone else did is that is that correct? Everybody that was able to did so yes. Okay and so I guess I guess you're saying that just procedurally there just wasn't really an opportunity to see discovery related to the class? Correct. I mean we were we were still obviously jurisdictional was our primary question and I mean even on a practical level how do we want to do discovery when we don't think there's jurisdiction and leave all these counties paying for discovery you know I really wouldn't put my client into that position until I have my jurisdictional answer and it frankly it was unexpected. How does the jurisdictional argument work for your client since the name plaintiff is in Gratiot County right so is the jurisdictional argument even applicable? Well he's certainly the plaintiff Fox certainly has jurisdiction to bring a claim against Gratiot County there's there's no question there. And certify or at least certify a class Gratiot County? No. So no standing so so you don't think there's a why not that's totally different from the juridical link doctrine. Right it is but you have to look at to how he's defined the class the judge really just took the class as stated really in the complaint it's interesting and or class those who had property that was of a value or was sold for an amount greater than the tax debt so you've got three different groups of people in that description you've got people whose property was foreclosed and then was sold for greater than the tax debt which according to the allegations of the complaint Fox would fall into that category. Then there's a group of people whose properties were foreclosed and sold at public auction but it did not yield enough to satisfy the tax debt or didn't go in excess of it anyway it met it or was less. And then there's a third group and that's the group whose property for one reason or another and there could be a couple was never sold at auction at all. In some cases the the general problem is the treasurer under the statute is expected to get rid of the property one way or another by December 30th of the foreclosure year and really the default at the end is what happens is that the property if it doesn't sell because people don't want to bid on it, don't want it for whatever reason, it's polluted, it requires renovation, who knows. It goes to a land bank. Are these typicality arguments, commonality arguments, predominance arguments? These are all three. They're not jurisdictional. No, not jurisdictional. Remember I'm trying to address the Rule 23. That was my question. Especially with regard to Gratiot County. Then that there's no jurisdictional argument your point is that there's Rule 23 argument. Correct with regard to everybody including Gratiot County. Now I want to call the to a case that was referenced in the Alcona reply brief and I think this is really where the focus has to be and that's we've been arguing about the pronunciation. Tariffy Properties LLC versus Cuyahoga County, Ohio. My apologies to any native Ohioans if I botched the county name. In that case issued this past June written by Chief Justice Sutton points out exactly what the problem is. It's really on, although it's an Ohio case, it substantively tracks with the case that the plaintiffs in this one have brought and that is that they're trying to recover the market value of properties and the statute wasn't allowing them to capture it. And as Judge Sutton pointed out, well sure there's a certain commonality involved here but we're dealing with that's going to create a mini trial. I mean we pointed out in our brief under you've got not only the mini trial with regard to the property but you've got lien holders and other people at the Michigan Supreme Court decision Raffaelli would bring in as potential claimants. So it's not just Fox, it's an under-inclusive class in the sense that you've got fee title holders but you don't have lien holders or mortgage holders or anybody else recognized. You don't have to have them. They don't have to include them. Because under Michigan law, the Supreme Court said in Raffaelli, any holder of any one of the bundle of sticks of property rights has a potential claim. They have a potential claim but they don't have to include them as plaintiffs. Well yeah because then you've got conflict. I mean I'm Mr. Fox, I want to collect all that. I mean the plaintiff's position and this frankly is in numerous other cases, I should just be able to treasure and demand my surplus proceeds as soon as the sale is made. But Michigan law is trying to recognize due process for other potential claimants. You can't just have the title holder run in, grab the money, and leave all the fee holders. They have due process rights but they have to assert them in court. I mean just to wrap it all up, you're basically saying we remand, the case is still alive as DeGrasse County, and the plaintiffs can move to certify a class that includes DeGrasse County or they can do something broader and you'll then oppose that and ask for discovery and the district judge will sort all this out. Bottom line, yes it would proceed. But again I think the Tariffy case says this is just, I mean I was just against a single county. And it makes very clear the reasons why that just does not work in the particular context. Judge Kethledge, do you have any other questions? I do not, thank you. Thank you. Thank you. Now Mr. Miller. Thank you very much. Can I just say one thing at the at the outset in briefs that were filed on your side are over length, are longer than the 13,000 word limit. Obviously when you file a brief you certify that you've satisfied our rule which is 13,000. It may be because your software is not measuring headers and footnotes, but could you within a week send us a letter explaining why your briefs are too long? Yes, your honor. Or if we're wrong about that, let us know. I will. That's the first I heard of it and if we made that mistake I sincerely apologize. We take the rules very seriously. It may have been you just didn't pick up the footnotes, but anyway if you do that we'd appreciate it. Yeah and if you want us to correct the brief we will. We are rules followers. I'm sorry if we made a mistake. I am Powell Miller and I am on behalf of the Plaintiff Appellees. I have just a 45 second intro. One, we know a cases of Hall and Raffaelli hold that the Michigan counties have engaged in unconstitutional takings of properties. Two, as of today class certification has been granted or agreed in every county in Michigan in seven cases. Three, juridical link is a class certification tool and article three standing is considered in terms of the class. As the Sixth Circuit held in Payton, quote, once a class is...Seventh Circuit, I misspoke. What did I say? I misspoke. I apologize. I have it seventh right here. I'm sorry. Of course it's the seventh. Quote, once a class is properly certified statutory and article three standing requirements must be assessed with reference to the class as a whole, not simply with reference to the individual named plaintiffs. That's Payton. And I think answering one of your questions posed to Mr. Nelson, it's easy to see why there is an article three case or controversy based upon the history of what Rule 23 does. Rule 23 should be viewed as a joinder mechanism. It tells us who the parties are. Through Rule 23 we bring into court at plaintiff's table all 9,000 people who were injured by the unconstitutional conduct and every single defendant hurt at least one of these plaintiffs. And what Rule 23... That just entirely skips over. Mr. Powell? Yes, Your Honor. Go ahead. Go ahead, Judge Kethledge. Go ahead. Okay, well, good morning, Mr. Powell. I'm sorry I can't be there with you. I understand your point there, but you would agree with me, right, that when you file this action, it's an individual action. Before the court certifies a class under Rule 23, this is an individual action. Is that fair? It's more than... It is an individual action, yes, Your Honor, but it's more than that. Because once... Well, I mean, how is it more than that when the court hasn't certified it? Oh, because of the putative rights of class members. I would rely on SOSNA via Iowa. Okay, yeah, but now, you know, the Supreme Court case law, SOSNA, Garrity, whatever, I mean, in all those cases, the court has certified a class under Rule 23. If we look back to when you filed this complaint, putative means only that you want it to be a class action. It doesn't make it a class action for Article 3 purposes. And so I guess that's my concern with your argument here is that we're dealing with Article 3, which is non-negotiable. Expedience, you know, which is what the Ninth Circuit cites in whatever that case was, counts for nothing, frankly. And so for Article 3 purposes, you know, why isn't this simply an individual action that you want to be a class action but is not a class action? Because, Your Honor... If they filed a motion to dismiss, why aren't they entitled to get out? Because Rule 23 specifically says that it is maintained as a class action until the Rule 23b elements are adjudicated. And once they are adjudicated, they go from either dying if the court says no to certification, or yes. But at the time that they're filed, every putative class member has tolling rights. We aggregate under Olden to meet the jurisdictional limits. It is a live case on behalf of all putative folks. And then you go to the Ankem, Ortiz, and Three Circuit courts, which have all followed Ankem and Ortiz, and says that class certification comes before standing. You first decide class certification so we know who the parties are who can be bound by a judgment. I disagree with you on the interpretation of Ankem and Ortiz. I mean, I think the question is open for sure in our circuit, but I don't think those cases really get to this issue because the standing concerns in those cases were not with respect to the named plaintiffs. Everybody agreed that the named plaintiffs had standing. The standing concerns in those cases were with respect to absent class members. And so when you certified the class, you also certified a standing problem for all those absent class members. But you never reached that issue unless you certified. Here, by contrast, the question is whether the named plaintiff has standing. And that's totally different from Ankem. Well, here the named plaintiff has standing. No, with respect to – you have to determine standing claim by claim. So you have a claim against Gratiot County, but then you have 26 other counties that you're asserting claims against. And those claims clearly don't have standing with respect to them. Well, when they're juridically linked, you do. And we – I recognize that that's your theory, but I don't think Ankem and Ortiz help you with respect to jumping immediately to the class because I think they say you do that only when the standing issue is with respect to absent class members and whether they will have standing if you do certify a class. Well, I think that there's also precedent, Your Honor, from Flocka in the Fifth Circuit, from Malik in the D.C. Circuit, as well as Squarely Payton, which is right on point, that says that we should look to class certification. I just disagree with Payton's interpretation of Ankem and Ortiz. So from my perspective, it's an open question. I look to the history. You say there is history. I completely agree with you that representative litigation has gone on for a long time. What I'm struggling with is finding any case that would suggest that a plaintiff can sue a defendant that hasn't harmed the plaintiff in the class context. I have not seen any history with respect to that. Because once there's certification, all the plaintiffs, all 9,000 of them, are plaintiffs. Here's an example. Murphy's v. Arendt out of the District of Colorado, post Mahan and post Payton, holds that once certified, the class as a whole is the litigating entity. So you look at the class as a whole for purposes of case or controversy. That court went on and said, put simply, when it comes to jurisdictional principles, class actions are treated differently. Likewise, Nelson v. Warner, a district court out of West Virginia, 2020, post Mahan, post Payton, holds that finding a juridical link where commissioners were to enforce the same statute, the paradigmatic application of the juridical link doctrine involves government officials acting in accordance with an allegedly unconstitutional law. That's exactly what we have here. So class actions have been around a long time. The juridical link doctrine has been around since the 1970s. So if we thought that this was a well-established practice, why can't you point me to anything other than a beginning in a dicta in a Ninth Circuit case from, what, 1974 or 75? You would think that you'd be able to point me to a well-established practice, stating back to the founding, showing that one plaintiff can represent a defendant in some type of class context outside of Rule 23, whatever you call it. But I haven't seen any of that. And that suggests to me that I have a healthy amount of skepticism that this is a type of thing that has any historical rooting. Well, I think there's historical support in our circuit under Thompson, Fallick, and Perry. And Fallick clearly applied it, didn't use the words juridical link, but it absolutely applied the analysis of juridical link in permitting a case to proceed where you didn't have the named plaintiff suing every defendant. And Thompson is, I think, a very important case, because Thompson says that the juridical link doctrine, Sixth Circuit, is most often found where defendants are officials of a single state and are charged with enforcing or uniformly acting in accordance with a state statute or common rule or practice of statewide application, which is alleged to be unconstitutional. Now, those facts were not in Thompson, but that's exactly what we have. And what the defendants admit in their reply brief, I believe it was on page 19, they say they juridically linked themselves because they acknowledge, yes, we followed the statute. Yes, we didn't return any of the money. You have identical action by all of these counties. And that's why, Your Honor, I would urge you, for policy reasons, to follow Payton. Because one of the things that was said- Can I ask you about this then? Because this sort of goes back to Judge Kethledge's first question. You're asking us to adopt a new rule. And, you know, you're going to have to accept that. Sorry. You're asking us to adopt a rule we haven't adopted in this circuit. Typically, when we do that sort of thing, there's a reason for doing it. There's a justification. There's a policy. There may be a policy reason. I mean, unless it's like a strict textual matter. And the only, you know, Judge Kethledge acknowledged this, the only advantage or the only policy that would back this approach, in my mind, is efficiency. And as Judge Kethledge said, standing is sort of an anti-efficiency doctrine. It doesn't care what's more efficient. It cares about, you know, that there's a traceable injury to each of the defendants. So is there anything other than efficiency, a reason why we should want to adopt this juridical link? Yes. But let me try a different analytical framework. And that is to look at juridical link as simply as a tool to show how we meet commonality, how we meet typicality, how we meet manageability. So you have, I mean, you could have added 25 plaintiffs and then. Well, and that's the cure if we have to do that. So is there any reason other than efficiency that courts should be following this approach? Yes. Let me give you a good example. Let's take an extreme example. Let's say the state enacted a crazily unconstitutional statute. We're going to start taxing religious objects like crucifixes or stars of David. And so Mr. Fox sues. Of course he's going to win, right? But what the defense says is, well, he can win in Gratiot County. But until someone shows up in every single other county. You'd probably like nationwide injunctions, too. I was going to say, that's the entire point of the separation of powers. What's the check on the judiciary? The check on the judiciary is that we can only announce the law in a case or controversy. And your suggestion is, well, that leads to bad policy outcomes, because when we think that there is an unconstitutional policy, we have to do it in this kind of pittance fashion of one by one. But that's the entire check on us, is that we can only decide, we can only pronounce the law in an actual case. Understood, Judge Murphy. But we have that in an actual case, because these defendants are juridically linked. They're all doing the exact same thing. That assumes the answer to the question. Is the juridical link doctrine a valid way to say that there is a case? And I'm not seeing it. I'm telling you, the way I look at this question is I look at, what is a case historically? And there is no analysis in any opinion that I have seen. As Judge Ketledge said, as Judge Riedler says, it's all based on efficiency. It's not based on anything approaching the idea that this was a traditional case at Commonwealth. Well, Your Honor, obviously you will reflect on that. I hope that our briefs will ultimately persuade you. But if the consensus of this panel is that we must join a plaintiff for every county, we've said in our briefs we're prepared to do that. And we are prepared to do that. It took many, many, many months just to be able to do that, which I think shows the wisdom of Peyton. And the law is clear that we have the right to do that. Now, I want to emphasize, what's before you now? Have you filed a pleading with additional named plaintiffs for all the counties? No, because we are right now the prevailing party. If you rule against us, it should only be on class certification, because that's what's before you. I was curious. I thought you had just suggested that maybe you already had named plaintiffs for all the counties. Maybe this is outside the record. But was there a difficulty in that? Was there a reason not to do that at the outset? I'm just curious in a pragmatic manner. Yes, it's hurting an incredible number of cats. It's jumping through huge hoops. Now, we've done it. I can represent this panel. We are prepared to do that. And we would do that on remand if you reverse. We hope you don't. But the law is very clear that that is exactly the fix. In fact, it just happened last week in the Western District. There's a putative settlement in the Western District where these same defense lawyers who are overlapping with the defense counties in the Western District agreed to permit an amendment that adds a class rep for every Western District county. We are prepared to. Yeah, that's probably right if they agreed to it. They don't have to agree to it here, but this is the whole flaw with your case. There was a reason they had to do that in that case. Well, if you ultimately hold it was a flaw, of course, and that's your power, which I 100% respect, Your Honor, but as of now we're the prevailing party. So we didn't want to put the chicken before the egg, cause the district court to do unnecessary work. You put all your eggs in one basket. How about that? Well, they're not in one basket because we still have the ability to do that as we've advised the court, and there's ample authority. For example, Advanced Magnetics v. Bayfield. It's a lot easier to let you proceed that way, and then we don't adopt this new doctrine that doesn't have much footing in history or precedent. We will absolutely do that, Your Honor. We have the ability to do that. We said we would do that. I think we have a strong precedent in Peyton, and we respect whatever decision you come up with. I hope I haven't shown any disrespect. I have not meant to. Judge Kethledge, go ahead. A question about certification. Do you guys have questions about this jurisdictional stuff? No, go ahead. I was going to ask questions about certification. Yes, Your Honor. Okay. So on the one hand, Mr. Miller, I can see how the core issue of liability, when you have these takings and they take the property, they take absolute titles, meaning legal and equitable, and they don't give any value, to the extent there is some, to the homeowner or the property owner for the equitable title. I can see how that's a common issue with a pretty straightforward common resolution of that issue itself for potentially a lot of different property owners. I guess the concern I have with certification, having worked on the Hall case, is twofold. The first concern dispenses that might be particular to individuals. I mean, you look at Hall. That case actually came to us with, I think it was eight plaintiffs' accounts. And if you look at the published opinion, only four are part of the published opinion. And there's an unpublished opinion where there's another four or five who had the same thing happen to them, but they all lost their cases because either there was a ratio to COTA bar or there was a time bar. It was all very particularized, very fact-bound, which is kind of why it was an unpublished opinion. So, just looking at the question first of defenses, why... Let me just step back a little further. I mean, why shouldn't the district court have to address some of those questions specifically? Like, why is it that the core liability issue predominates? Notwithstanding, at least if you look at Hall, small sample size, but half of the plaintiffs fall out on really, trust me, really individualized grounds that took a while to deal with. So, why is it so obvious that we don't have to do more of a rigorous analysis here? Why is it so obvious that the core issue predominates over those kinds of issues? Because, Your Honor, there are two types of damages here. One is patently clear that it's class-wide. That is where you have surplus proceeds, where the counties have sold the properties and they didn't return the amount in excess of the taxes. We believe... I get that, but that was true for some of the people who lost. I mean, I totally understand what you're saying here, but my point is that, as to some plaintiffs, at least what we saw in Hall, was that there are defenses available to the defendants, which completely override that. They could have taken the property, flipped it the next week for ten times the value, and the plaintiff still lost because the plaintiff, unfortunately, tried to sue in state court when we were still dealing with Williamson County. Or the plaintiff didn't bring suit in time, whatever. I mean, it was all kinds of individualized stuff. So, yeah, the class-wide core liability, I get that. But sometimes there are affirmative defenses to those kinds of liabilities, and those seem to be individual. Not raised here, not in this record, I believe will be highly unlikely... There is no record. No, but in their opposition to class certification, Your Honor, and the district court retains the power and responsibility and has enormous discretion in managing the class action, in changing the class definition if necessary. If the defendants want to attempt these arguments, they have every right to do so, but that's not a reason to reverse the class certification decision or to kill the class. The court properly found that every single element of class certification was met. And the answer to the Tariffee case is that doesn't apply to the surplus proceeds situation. Tariffee dealt with destruction of the value of the property by not maximizing the value of the property. The one question I have is, what is the status quo now? Because the Michigans, how do you pronounce the name? Raffaele, Your Honor. Raffaele. So Raffaele at least had some suggestion that this could be a mechanical calculation. The only taking is the surplus value, and that would make it seem more feasible for class. But Judge Ketledge, in a very good opinion called Hall, suggested that that was dicta, suggested that the proper analysis is actually the fair market value of each home. And so that would be, isn't that much more individualized? You have to have like a mini trial for every case on the fair market. Yes, I agree with you, Judge Murphy. As to the fair market value and what Judge Ketledge is talking about in Hall, I see that evolving into a C4 issue that just decides liability. But it would be separate trials as to those damages. As to the surplus equity, that's B3, and I believe would be appropriate for summary judgment. But isn't, aren't some, wouldn't some plaintiff suggest that the surplus value is not all the value because they didn't sell it for a high price or something to that effect? I thought even Mr. Fox suggested that his house was worth much more than the surplus. You always have situations where there may be some people who will decide that they will opt out. But you always have some individualized issues as to damages. So you would certify, so one of your certified classes would only be the surplus value? Yeah, that, absolutely. So that would, doesn't, isn't there a conflict there? So then those folks who want to have the chance to argue for more, you'd say your response would be they'd have to opt out? Right, they would opt out. They're not mutually exclusive. They're different. So the best, the surplus equity clearly applies to every property that was sold. But would you say that the people who seek the surplus property, then they can't come back and say we seek more because we actually, our home was actually worth more than what they sold? I think that's right, but I want to think about that some more, Your Honor. I just thought, well, go ahead. Well, just, you know, since you brought up market value, I mean, that was the other point I was just going to flag. It's something, Mr. Miller, so I'm not trying to say here that, you know, certification is like just crazy or out of the question. But what I am really concerned about is that it needs a much closer look than it's gotten. And the second thing, at least that came to my mind, is with regard to the value of the property. And on that point, yeah, I mean, market value is, I mean, what is the measure of, how do we measure the value of the property, the value, therefore, of the equitable title? Well, on the one hand, the state's got to, the county's got to write the foreclosed. So foreclosure is a legitimate part of the landscape. And if you look at, like, the BFT opinion from the Supreme Court, which we cited in Hall, and they're talking about, like, the distressed market value. And I'm not saying one thing or another, but this seems to be a more complicated valuation question than, like, a drive-by appraisal, you know, versus a home equity loan. I mean, it could be that we have to figure out the kind of foreclosure market value. It's going to be foreclosed. That's going to happen. That's lawful. And then, you know, a competent public foreclosure. What's the number that this house gets? And that's, how is that going to be done class-wide or alternatively? Are you kind of saying, this is, we're just not going to seek certification on that question? My answer to that, as to that question, it's C-4, just as to an issue. But as to the former, where they actually sell the properties, we know for every single citizen how much the county retained in excess of all the taxes. That's easy. That's class-wide. We even think that's Rule 36, excuse me, Rule 56. Okay. That's a good answer. So, and that's as to where there was a public foreclosure? Is that what you're talking about, as opposed to, you know, Oakland County sells it to Southfield? Yeah, exactly. Exactly right, Your Honor. That's when they sell it in the market. And we know exactly how much they retained above the taxes. That's exactly what the Supreme Court was talking about in Raffaelli. And that's the heart of our case. I acknowledge the fair market value part is tougher. What's the status quo now? So there's federal takings and state takings. Hall was only about federal takings. Correct, Your Honor. Hall says quite clearly that it's not the surplus value. It's not necessarily the value. It's the equitable value, equitable title. But then there's the state constitutional claim, which I assume under Raffaelli would just be the surplus because of the dicta, in the opinion? Well, I think that's actually the holding in the opinion, that it's clearly the surplus. And that you can go above the surplus. I mean, that was the limitation. They suggested you couldn't go above the surplus value. Right, because that's what was before the court. I don't think it was before the court asking for the full fair market value. In the Hall case and in the federal system, we have the ability to shoot at both. They're both equity that was lost. The easy part for class is the surplus equity for the homes that were sold. Quantifying how much the equity was destroyed because of the Tariffi case, and that was affirming that record, doesn't say you could never do it. But I acknowledge that's harder. But that's why I see that evolving as a C-4, which is what I'm really getting to, is the district court has tremendous discretion to manage the class action device as a fluid device. They still have every opportunity to raise every argument they've made today to the district court to say, change the class definition, decertify it, or if they think they're right, they want certification because then they get summary judgment. But there's nothing inherent that precludes certification. So what I ask your honors to do, if you decide to reverse certification, do not dismiss the case, remand with instructions for additional process because there's nothing inherently wrong with certifying this class, and the only thing before you is certification, nothing else. That should be down the river if necessary. In this case, you pause there. Judge Murphy, do you have any more questions? Judge Kethledge, do you have more questions? I do not, and I thank Mr. Miller for his answers. Thank you all very much, and I want to apologize for saying the Sixth Circuit by mistake. Oh, no, that's okay. I felt bad about that. That's all right. Maybe the Seventh Circuit was offended. I don't know. We were fine. I just wanted to make sure. Okay. And we will look at the pages. I'm sorry about that, too. It's no need. Please send a letter. That would be fine. We will do that, Your Honor. Thank you. Mr. Nelson? May it please the Court. I want to jump in to challenge even the efficiency concept here. The procedural history of this particular class certification is bizarre. The case was stayed. An emergency motion was filed for class certification, and the justification for the emergency motion was, there are all these people out there who are going to be filing these cases, and so we need to get in ahead of them to prevent that sort of deluge on the federal court. So the idea that it's difficult to find people with standing to sue the various counties seems to be contrary to the premise by which they got the accelerated class certification here while the state was still pending. I think Mr. Miller's closing point is if we didn't agree on some of his other arguments, that we remand the case, the case is alive as the fox, and then from there we can add more plaintiffs, we can certify classes. All those tools are available. I think that tracks the discussion that we had on the top side of the argument as well, in terms of those various elements are there, with the key point, I think, that, of course, if there is no subject matter jurisdiction, at the beginning of the case, with regard to the non-Gratiot County defendants, nothing that's happened in the case thus far has any binding effect on the various defendants, because we're not properly in the case. And if there's no jurisdiction... Primarily the class certification. Primary class certification, but any other rulings. There was an injunction that was entered on the basis of there being standing here that wouldn't apply. There was a notice that went out that said, you people, you all are in this class as to these defendants, when there was no standing as to those defendants. But there's a particularly pernicious effect that happened here. None of the non-Gratiot County defendants have been able to interact with any of their residents who've come to them to say, hey, we want to resolve our claims, because of the fact that this class has been certified without standing, without jurisdiction. There was no provision for opting out. The entire process got frozen at the time of the certification without any sort of opt-out measure. And so there's never been an ability to opt out. If I may, let me... I don't know if you're willing to talk about the class search stuff, but on reply, there is something. I did think that the damages calculations could be quite difficult for the fair market value, but Mr. Miller suggests that for the surplus type claims, that seems just like a mechanical question. It would be quite easy. So what would be the response there for why that wouldn't be something that could be certifiable? Well, so with regard to... First, the first point I think that needs to be made is the class as certified right now, which was not discussed, seems to encompass everyone. In fact, when they sent out the notice after certification to a limited number of claims, they sent it out to everyone. They told everyone who had a property that was foreclosed that they were part of the class. So it's not limited right now. So the current class definition is much broader than what Brother Counsel was referring to. But with regard to whether there is a predominance or commonality problem with regard to the surplus proceeds, there is the problem that Judge Kethledge pointed out in Hall with regard to even in that small sample size, a significant number of the claimants had res judicata problems that prevented them from even being part of the class in the first place. And there's no reason to believe that that was limited to Oakland County. So there is a predominance problem there with regard to even the surplus proceeds claims, albeit I will acknowledge there's a much more mechanical way of addressing that. But as we speak right now. Mr. Nelson, if I may. Sorry to just barge in. But, you know, I think the question, I forget if it was Judge Murphy or Judge Radler who asked. I mean, the question specifically about cases where the homeowner's property was sold at a public auction. And let's say that the homeowner agrees that the public auction was sort of competently held. And so there's a number that the county got for the property. Like Wayside Church, they get like $216,000 for the summer church boys camp. And they say, we're fine with that number, just give us the difference. Would you agree that in cases that have that profile, the issue of damages specifically, setting aside the defenses issues that we talked about, but just the issue of damages, is there any reason why that can't be adjudicated class-wide that you can flag for us? I don't believe so, Your Honor. I believe that that's the, setting aside the issue of damages, I believe that's what I was just saying to Judge Murphy as well, is that there is a calculable damages number where the damages calculation in those contexts is not going to overwhelm the other issues. But the problem is, with this current class, which is the only class that... I get that. Right? I know. It's everybody that this was, where this happened. It's way wider. I understand that. Judge Kethledge, do you have any additional questions? I do not. Thank you. Your time is up. Very well argued case on both sides, and the case will be submitted for consideration.